In the Matter of CITY OF NEW YORK, Petitioner, *v.* PUBLIC SERVICE COMMISSION OF THE STATE OF NEW YORK et al., Respondents.

Third Department, July 12, 1973.

*Norman Redlich, Corporation Counsel (Evan A. Davis, Vivian P. McGowan* and *Stephen P. Kramer* of counsel), for petitioner.

*Peter H. Schiff* and *Stanley B. Klimberg* for Public Service Commission, respondent.

*Davis Polk & Wardwell (Lawrence C. Walsh, Guy Miller Struve* and *James L. Kerr* of counsel), and *G. Wallace Bates, Edward L. Friedman* and *Raymond F. Scully* for N. Y. Telephone Company, respondent.

GREENBLOTT, J. P. This is a proceeding pursuant to CPLR article 78 (transferred to the Appellate Division of the Supreme Court in the Third Judicial Department by order of the Supreme Court at Special Term, entered in Albany County) to review a determination of the Public Service Commission which granted a rate increase to the New York Telephone Company.

Petitioner challenges a decision of the Public Service Commission (Commission) which granted New York Telephone Company (Company) a rate increase of $350,000,000 annually. When the Company originally asked for rate relief, calendar year 1970 was chosen as the test year in which revenues, expenses and rate base (that is, the total cost of plant and equipment devoted to public use) were to be measured. Hearings commenced on March 16, 1971 at which the Company introduced its operational results for 1970. During the hearing, the Company also submitted its latest 1971 operational results as they became available. Results for January and February were submitted on March 16, results through March were submitted on April 23 and results for the five months ending May, 1971 were submitted on June 30. No objection was made to the submission of this 1971 data. However, when the Company attempted to introduce the estimated results for the full year 1971, petitioner objected on the ground that this new data amounted to substitution of a new test period. The hearing examiner received this new data based on a recent Court of Appeals decision which held that the Public Service Commission must consider the latest operating data available (*Matter of New York Tel. Co.* v. *Public Serv. Comm. of State of N. Y.,* 29 N Y 2d 164). On August 18 the Company presented operating results for the year ending June 30, 1971, thus reflecting an additional month's results. The examiner found that a reasonable rate of return for the Company was 8.23% applied to a rate base of $3,900,000,000. By multiplying these two figures and comparing

the result to the actual revenues generated, he found that the Company had shown a need for an increase in revenues of $239,000,000 in order to earn a fair return on its investment.

The Commission's decision granted the Company a $350,000,-000 increase in revenues, holding that the most representative test period was the 12 months ending June 30, 1971. It then posited a rate base of $4,100,000,000 based on the average rate base for 1971 (which it calculated by detailing the cost of equipment actually installed during the last six months of 1971). The Commission explained its reasons for adopting this approach, rather than relying solely on the 1970 historical test year data, by stating that it would be unfair to the Company not to include the actual operating results for the first six months of 1971.

The city argues that the Commission was obligated to adjust the test year revenues upward to reflect the additional future revenues to be earned by the 1971 investments which it included in calculating the rate base of $4,100,000,000. It argues that such an adjustment must be made unless it is shown that future revenues will not be enough to offset this increased investment or future expenses. This contention is without merit. The record reveals that the Company was making extraordinary capital investments in 1970 and 1971 while, at the same time, its net earnings were seriously eroding. The Company's return on its intrastate rate base was steadily declining from 6.8% in 1968, 5.61% in 1969, 5.09% in 1970, to 4.42% for the July, 1970–June, 1971 period. In view of the evidence of the continuing downward trend of the Company's rate of return, the Commission was reasonably justified in concluding that the new investment made in 1971 would not generate sufficient new revenues to offset its higher per unit cost. Particularly significant is the fact that the Company's return had declined to 4.42% for the 12-month period ending June, 1971 despite the fact that the Company had previously been granted $134,000,000 in annual rate relief effective February, 1970. In fact, the precipitous decline in the Company's rate of return posed such a threat to the Company's financial integrity that the Commission granted it a $190,000,000 temporary rate increase on July 3, 1971, pending the outcome of the permanent rate case. The Commission was amply warranted in concluding that the new investment in plant and equipment made in 1971 would not generate future revenues sufficient to offset its cost and increases in future expenses. We note further that, based on its operating data for 1972, the Company states that its return would be only 6.58% even with the $350,000,000 increase.

The city also contends that, when the Commission switched test years from calendar year 1970 to the 12-month period ending June, 1971, it did not have an adequate opportunity to test the evidence on which the Commission relied. We find this argument to be without merit. The operating results through May, 1971 were all submitted into evidence without objection and more than six weeks before the close of the hearings, so that objectors had more than enough time to examine them. Although the results for June, 1971 were submitted only two days before the close of the hearings, this data was at most cumulative and, since the bulk of the 1971 operating data relied on by the Commission was spread on the record in sufficient time for it to be examined and contested, the Commission's determination could be sustained even if the June, 1971 data was required to be excluded.

The remainder of petitioner's contentions have been examined and are found to be without merit.

The determination should be confirmed, and petition dismissed, without costs.

COOKE, SWEENEY, KANE and MAIN, JJ., concur.

Determination confirmed, and petition dismissed, without costs.